DANIEL G. BOGDEN
United States Attorney
District of Nevada
Nevada Bar Number 2137
CARLOS GONZALEZ
Assistant United States Attorney
333 South Las Vegas Blvd.
Lloyd George Federal Building, Suite 5000
Las Vegas, NV 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
SARAH MALONEY
Trial Attorney
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC  20044
Telephone: (202) 305-4193
Facsimile: (202) 305-7000
sarah.maloney2@usdoj.gov
Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ABDU SALEH, Beneficiary of a Visa Petition Filed By TEHETENA DAGNA TEKLEWOLD,<br><br>    Plaintiff,<br><br>    v.<br><br>ERIC H. HOLDER, JR., Attorney General of the United States,<br><br>    Defendant. | Case No. 2:13-cv-0586-GMN (GWF)<br><br>**DEFENDANT'S 26(f) REPORT**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Defendant Eric H. Holder, Jr., Attorney General of the United States ("Defendant") hereby submits a Scheduling Conference Report and Discovery Plan, under Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1.[1]  As discussed more fully below, this case

---

[1] Undersigned counsel for Defendant attempted to meet and confer with Dan Winder, Plaintiff Abdu Saleh's counsel, on multiple occasions in July, August, September, October, and November by telephoning his office and leaving telephone messages, and by sending follow-up

arises under the Administrative Procedures Act, 5 U.S.C. § 701.  Accordingly, the plan does not set deadlines within those specified in Local Rule 26-1(e), and special scheduling review is requested.

**(1)     Nature of the Case and Summary of the Issues.**

This is an immigration case where Plaintiff Abdu Saleh ("Plaintiff") challenges the Board of Immigration Appeals's ("Board's") decision affirming in part the United States Citizenship and Immigration Services's ("USCIS's") denial of the I-130 alien relative visa petition filed on his behalf by his United States citizen wife ("I-130 petition").

A United States citizen who is married to an alien spouse may file an I-130 petition to classify the spouse as an immediate relative.  *See* 8 U.S.C. §§ 1151(b)(2)(A)(i) & 1154.  The petitioner bears the burden of establishing eligibility.  *See* 8 U.S.C.A. § 1361.  If USCIS approves the petition, USCIS may consider the alien's application to adjust his or her immigration status, which, if approved, will grant the alien the status of lawful permanent resident.  *See* 8 U.S.C. § 1255(a).  If USCIS denies the I-130 petition, the petitioner may appeal to the Board.  *See* 8 C.F.R. § 1003.1(b)(5).  The Board's decision is the final agency action subject to judicial review.

Here, the Board affirmed USCIS's denial of the I-130 for one reason: the record evidence did not establish that the marriage between Plaintiff and his wife was *bona fide*.  *See* Certified Administrative Record at 3-4.  The principle issue in this case is whether the Certified

---

email messages.  On October 17, 2013, undersigned counsel also emailed Mr. Winder a copy of the instant 26(f) report and proposed it as a joint status report.  On October 29, 2013, Mr. Winder telephoned the undersigned, stating he was returning the undersigned's telephone calls.  He informed the undersigned that he was unable to confer at that time because he did not have his case file and had not reviewed the proposed joint status report.  He informed the undersigned that he would contact the undersigned by November 1, 2013 in order to meet and confer about the 26(f) report, due on November 5, 2013.  As of the time of this filing, he has not contacted the undersigned.

Administrative Record supports the Board's decision denying the I-130 petition for this reason. Plaintiff appears to contend that because the Certified Administrative Record does not support the Board's decision, the agency's decision is arbitrary and capricious. *See* 5 U.S.C. § 706(2)(A). Defendant contends that the Certified Administrative Record supports the Board's decision and the Court must defer to the agency's reasonable interpretation of its governing regulations. *See Auer v. Robbins*, 519 U.S. 452, 461-62 (1997).

**(2)     Issues to be Decided by Pretrial Motion.**

Defendant believes that the Court can decide the entire case based on cross-motions for summary judgment and that a trial in this matter is unnecessary. Defendant's proposed briefing schedule is as follows:

| | |
|---|---|
| Cross-motions for summary judgment due on or before: | **12/10/13** |
| Cross-opposition briefs due on or before: | **1/10/14** |
| Cross-reply briefs (if any) due on or before: | **1/24/14** |
| Motion hearing date: | **2/7/14** |

**(3)     Discovery Plan.**

Defendant believes that discovery in this case is limited to the Certified Administrative Record. Accordingly, Defendant asserts that this case is exempt from initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(B)(i). Defendant provided Plaintiff with the Certified Administrative Record on September 5, 2013. Further, to prevent unauthorized access to personal, financial and immigration records, the parties stipulated to Defendant filing the Certified Administrative Record with the Court under seal, which Defendant did on September 4, 2013.

**(4)     Settlement Efforts and Alternate Dispute Resolution.**

Settlement discussions between the parties are ongoing. The parties, however, agree that this case is not suitable for Alternative Dispute Resolution.

**(5)    Reference of the Case to Magistrate, Independent Experts, or Master.**

Defendant believes that the case should not proceed before the Magistrate Judge. Defendant also believes that this case does not require any independent experts or masters.

**(6)    Manual on Complex Litigation.**

Defendant believes that this is not a complex case and does not require reference to the procedures set forth in the Manual on Complex Litigation.

**(7)    Further Amendment of Pleadings and Addition of Parties.**

Defendant believes that there will be no amendment to the pleadings or addition of parties.

**(8)    Other Issues.**

Defendant believes that this case presents no unusual legal issues.  Further, Defendant does not have any proposals regarding severance, bifurcation or other ordering of proof.

//

//

//

| | | |
|---|---|---|
| 1 | Dated: November 6, 2013 | Respectfully submitted, |
| 2 | | STUART F. DELERY<br>Assistant Attorney General |
| 3 | | Civil Division |
| 4 | | DAVID J. KLINE |
| 5 | | Director<br>Office of Immigration Litigation |
| 6 | | District Court Section |
| 7 | | JEFFREY S. ROBINS<br>Assistant Director |
| 8 | | Office of Immigration Litigation |
| 9 | | District Court Section |
| 10 | | By: *s/ Sarah Maloney* |
| 11 | | SARAH MALONEY<br>Trial Attorney |
| 12 | | United States Department of Justice<br>Civil Division |
| 13 | | Office of Immigration Litigation<br>District Court Section |
| 14 | | P.O. Box 868, Ben Franklin Station |
| 15 | | Washington, DC 20044<br>Tel: (202) 305-4193 |
| 16 | | Fax: (202) 305-7000<br>Email: sarah.maloney2@usdoj.gov |

IT IS SO ORDERED:

Date: November 18, 2013        _____
                               HON. GEORGE FOLEY, JR.
                               UNITED STATES MAGISTRATE JUDGE

## **CERTIFICATE OF SERVICE**

Case No. 2:13-cv-0586-GMN (GWF)

     I certify that on November 6, 2013, I caused the foregoing Joint 26(f) Report to be electronically filed with the Clerk of United States District Court, District of Nevada using the appellate CM/ECF system.

     I also certify that opposing counsel, identified below, is a registered CM/ECF user, and service should be accomplished by the CM/ECF system.

Dan M. Winder
Law Office of Dan M. Winder, PC
3507 W. Charleston Blvd.
Las Vegas, NV 89102
Tel: 702-474-0523
Fax: 702-474-0631
Email: winderdandocket@aol.com

                              By: *s/ Sarah Maloney*
                              SARAH MALONEY
                              Trial Attorney
                              United States Department of Justice
                              Civil Division